IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GENERAL STAR NATIONAL INSURANCE COMPANY,
a Delaware corporation,

    Plaintiff,

v.                                  Civil Action No. 5:15CV49
                                            (STAMP)
EDWARD A. DiPINO, individually and
d/b/a ED DiPINO APPRAISAL SERVICES, INC.
and MAUREEN DiLORETI, an individual,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE
DEFENDANT EDWARD A. DiPINO'S MOTION FOR
TRANSFER AND/OR CONSOLIDATION OF CASES**

I. Background

This is an insurance coverage case wherein the plaintiff seeks a declaratory judgment. Defendant Edward DiPino ("DiPino") is also a defendant in Civil Action No. 5:14CV76, which is before the Honorable John Preston Bailey. Defendant Maureen DiLoreti ("DiLoreti") is a plaintiff in the civil action before Judge Bailey. It should be noted that the civil action before Judge Bailey was filed as a proposed class action.

In this civil action, the plaintiff issued several liability policies for defendant DiPino regarding real estate appraising. Those policies covered appraiser error and omissions. The plaintiff alleges that several civil actions in state court have been filed against defendant DiPino for predatory lending practices. The plaintiff, pursuant to its reservation of rights,

now seeks a declaratory judgment.  In the complaint, the plaintiff alleges eight counts regarding the parties' rights and obligations under the various liability policies.

At issue now is defendant DiPino's motion to transfer and/or consolidate.  ECF No. 21.  In that motion, defendant DiPino points out that Civil Action No. 5:14CV76 is currently before Judge Bailey.  That civil action was filed by defendant DiLoreti regarding defendant DiPino's alleged predatory lending practices.  Defendant DiPino believes that the plaintiff's claims in the civil action before this Court are contingent upon the outcome of several issues in the civil action before Judge Bailey.  For example, defendant DiPino points out that the plaintiff in the civil action before this Court alleges that to the extent defendant DiPino is found liable for dishonest or fraudulent conduct, the plaintiff will have no duty to indemnify defendant DiPino.  The claims as to dishonest or fraudulent conduct by defendant DiPino, however, are pending in the civil action before Judge Bailey.  Therefore, the plaintiff's claims may be contingent upon the results of the civil action before Judge Bailey.  Defendant DiPino also argues that the issues of fact in both civil actions are the same.  Moreover, defendant DiPino believes that Judge Bailey will be in the best position to address the plaintiff's arguments upon the conclusion of Civil Action 5:14CV76.  Thus, defendant DiPino contends that

transfer or consolidation of the cases will create consistent rulings of common factual and legal issues.

The plaintiff filed a response, wherein the plaintiff opposes the motion to transfer or consolidate. ECF No. 25. The plaintiff states that a proposed settlement regarding all claims against the appraiser defendants, including defendant DiPino, is before Judge Bailey, subject to his approval. Because the proposed settlement remains pending, the plaintiff does not believe that consolidation should be considered until Judge Bailey rules on the proposed settlement. If that settlement is approved, the plaintiff claims that it may file an amended complaint to resolve any remaining issues, which would concern the coverage limits under the policies. Further, the plaintiff argues that because it currently is litigating the issue of class certification for the next eight months, it would incur unnecessary costs and delays if a transfer or consolidation occurs. Further, the plaintiff contends that the issues in this civil action are not contingent upon the results of the civil action before Judge Bailey. For those reasons, the plaintiff seeks denial of defendant DiPino's motion at this time. Defendant DiPino did not file a reply. Also, defendant DiLoreti did not file a response to the motion.

## II.  Applicable Law

In deciding motions to consolidate, Rule 42 of the Federal Rules of Civil Procedure "gives the Court broad discretion to make

decisions about how to most efficiently and economically try cases on its docket." Minter v. Wells Fargo Bank, N.A., 2012 WL 1963347 (D. Md. May 30, 2012); see A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 932 (4th Cir. 1977); see also Borough v. Olyphant v. PPL Corp., 153 F. App'x 80, 82 (3d Cir. 2005); American Employers' Ins. Co. v. King Resources Co., 545 F.2d 1265, 1269 (10th Cir. 1976) (affirming the trial court's discretion to deny a request to consolidate). Determining whether to consolidate cases turns on "essentially whether the common fact and law issues indicate that there would be a sufficient saving of time and effort on the part of the court and the parties to warrant a joint trial, when balanced against the inconvenience, delay, or expense to the parties that might result from requiring each to attend trial of some issues in which it is not involved." Stein, Hall & Co. v. Scindia Steam Nav. Co., 264 F. Supp. 499, 501 (S.D.N.Y. 1967). As stated by the United States Court of Appeals for the Fourth Circuit, consolidation is appropriate if the claims "were brought against the same defendant, rely on the same witnesses, allege the same misconduct, and answered with the same defenses." Harris v. L&L Wings, Inc., 132 F.3d 978, 982 n.2 (4th Cir. 1997); see also Burns v. Horry Co., 2006 WL 20409, at *1 (D.S.C. Jan. 4, 2006) (also considering consolidation in light of the "interest of judicial economy").

As to the transfer of a civil action, 28 U.S.C. § 1404(a) permits a district court, based on "the convenience of parties and witnesses, in the interest of justice," to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Similar to when considering motions for consolidation, "decisions to transfer an action under [28 U.S.C. § 1404] are committed to the discretion of the transferring judge." Ferro Products Corp. v. Cattrell Comp., Inc., 2015 WL 5721605, at *5 (S.D. W. Va. Sept. 29, 2015) (citing Brock v. Entre Computer Centers, Inc., 933 F.2d 1253, 1257 (4th Cir. 1991)). As the Supreme Court of the United States stated, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Factors that a district should consider include the following:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

AFA Enters., Inc. v. American States Ins. Co., 842 F. Supp. 902, 909 (S.D. W. Va. 1994); Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582 (E.D. Va. 1992). Nonetheless, the moving party bears

the burden of showing that transfer to another forum is proper. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113-14 (2d Cir. 2010); Leonard v. Mylan, Inc., 718 F. Supp. 2d 741, 745 (S.D. W. Va. 2010).

### III. Discussion

As stated earlier, defendant DiPino primarily argues that the issues in this civil action are contingent upon the resolution of the civil action before Judge Bailey. Defendant DiPino also contends that consistent adjudications and simpler discovery will result if this Court grants his motion. The plaintiff, however, believes that this Court should wait until a proposed settlement is decided upon in the civil action before Judge Bailey. That proposed settlement may ultimately dismiss defendant DiPino from either civil action. If the proposed settlement is rejected, however, then the plaintiff admits that a consolidation or transfer of this civil action may be warranted. Therefore, the plaintiff does not oppose denying defendant DiPino's motion without prejudice.

After reviewing the parties filings and the record before the Court, defendant DiPino's motion must be denied without prejudice at this time. A transfer or consolidation of this civil action with that of the civil action before Judge Bailey seems premature at this stage. The plaintiff is correct in pointing out that if defendant DiPino is ultimately dismissed by the proposed

settlement, then a consolidation or transfer of this civil action may be unwarranted. In addition, the issues involved in the civil action before this Court, in which the plaintiff seeks a declaratory judgment, and the civil action before Judge Bailey are not so interrelated as requiring consolidation or transfer. The plaintiff correctly notes that the primary issues in this civil action pertain to the application of insurance policies issued to defendant DiPino and the amount of remaining coverage under the liability limits of those policies. Determination of those issues at this stage are not so similar to the issues in the civil action before Judge Bailey so as to be considered "common fact and law" for consolidation purposes.

The same can be said as to defendant DiPino's request for transfer. Defendant DiPino, as the moving party, bears the burden of showing whether transfer is proper. As stated earlier, the factors that must be considered in deciding a motion for transfer include the following:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

AFA Enters., Inc. v. American States Ins. Co., 842 F. Supp. 902, 909 (S.D. W. Va. 1994). Upon review of those factors, it is clear that defendant DiPino has not met his burden. Although both civil actions contain similar parties and stem somewhat from the same

predatory lending allegations, none of the factors listed above warrant the transfer of this civil action at this time. The allegations, issues, and law at this stage in the civil action before Judge Bailey and the allegations from this civil action are not so common that discovery in either civil action will be made more efficient or easier upon transfer. Further, the interests of justice do not justify transferring this civil action at this time.[1]

In sum, defendant DiPino has not met his burden at this stage. Based on the discretion possessed by this Court, defendant DiPino's motion for the transfer and/or consolidation of cases must be denied without prejudice to refiling.

## IV. Conclusion

For the reasons set forth above, defendant Edward A. DiPino's motion for transfer and/or consolidation of cases (ECF No. 21) must be denied without prejudice to refiling. The plaintiff and defendants who are parties both in this civil action and in Civil Action No. 5:14CV76 shall advise the Court of developments in Civil

---

[1] The plaintiff correctly points out that 28 U.S.C. § 1404 applies to the transfer of any civil action to any **"other district or division"** where that action may be brought. Here, transferring this civil action to Judge Bailey, who is also located in the Northern District, Wheeling Division, would not result in a transfer to an "other" district or division as interpreted under the statute. Therefore, this civil action and the civil action before Judge Bailey are both in the same district and division, and thus, the statute is facially inapplicable to the civil action at this time.

Action No. 5:14CV76 regarding the proposed settlement or other factors that might affect issues in the civil action before the undersigned judge.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 23, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE